UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PENNY G. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:08-CV-306 |
| ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of Plaintiff Penny G. Foster's Objections to the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 12], filed by United States Magistrate Judge H. Bruce Guyton and Defendant Michael J. Astrue's, Commissioner of Social Security ("the Commissioner's"), Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 13]. Magistrate Judge Guyton found that the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the medical source opinions, the objective medical findings, the opinion of the Vocational Expert ("VE"), and plaintiff's testimony to determine that plaintiff could perform a range of light work. Magistrate Judge Guyton found that substantial evidence in the record as a whole supported the ALJ's decision that plaintiff was not disabled. Accordingly, Magistrate Judge Guyton recommended that Plaintiff's Motion for Summary Judgment [Doc. 7] be denied and that Defendant's Motion for Summary Judgment [Doc. 9] be granted.

## I. History of the Case

Plaintiff filed an application for a period of disability and disability insurance benefits and an application for supplemental security income with the Social Security Administration on November 7, 2005 (Tr. 16, 74-78). In both applications, plaintiff alleged disability beginning on April 1, 2002 (Tr. 16). Both claims were denied initially (Tr. 67-71) and upon reconsideration (Tr. 60-65). Plaintiff requested a hearing to review the denial of her claims, which was held by the ALJ on January 9, 2008 (Tr. 257-79). On February 5, 2008, the ALJ issued his decision, concluding that plaintiff was not under a disability because she could perform a significant number of light jobs (Tr. 16-24). Plaintiff appealed the ALJ's decision, and the Appeals Council denied plaintiff's request for review (Tr. 3-6). Thus, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff then filed a Complaint [Doc. 3] before this Court for judicial review of the Commissioner's decision. Plaintiff and the Commissioner filed cross-motions for summary judgment [Docs. 7-10] on which Magistrate Judge Guyton issued his R&R [Doc. 11] on May 1, 2009. Plaintiff then filed objections to the R&R [Doc. 12] and the Commissioner filed a response to plaintiff's objections [Doc. 13].

## II. Standard of Review

The Court must conduct a de novo review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court

2

must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires the Court to accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Services*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**III.  Analysis**

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. In considering plaintiff's objections to Magistrate Judge Guyton's recommendation, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination[1] was not supported by substantial evidence. In support of this argument, plaintiff makes three specific objections: (1) that the ALJ ignored the only medical opinion of record regarding plaintiff's mental limitations; (2) that the ALJ failed to incorporate plaintiff's mental limitations into the hypothetical questions the ALJ put to the VE at plaintiff's hearing and that if plaintiff's mental limitations had been properly incorporated, the VE would have found no jobs available to plaintiff, and (3) that the combined effect of plaintiff's "severe" impairments made it "clear" that plaintiff was unable to work.

The Commissioner responded to plaintiff's objections, arguing that the ALJ's determination of plaintiff's RFC was appropriate and the ALJ did not err in formulating his hypothetical questions. In addition, the Commissioner asserts that the ALJ reasonably relied on the VE's testimony and determined that plaintiff was not disabled and could perform a significant number of jobs. Accordingly, the Commissioner concluded that Magistrate Judge Guyton's recommendation in the R&R should be affirmed.

---

[1] An individual's residual functional capacity ("RFC") is her ability to perform physical work and mental activities on a sustained basis despite limitations from her impairments. *See* 20 C.F.R. § 404.1545(a)(1) (explaining this term). An individual's RFC is the most the individual can do despite her limitations. *Id.* In this case, the ALJ determined that plaintiff had the RFC "to perform unskilled light work except climbing, stooping, bending from the waist level, crouching, and crawling are limited to 'occasionally'; she is limited to jobs that only require dealing with simple, non-detailed tasks and instructions; contact with coworkers and the public is casual and infrequent; supervision is direct and non-confrontational; and workplace changes are infrequent and gradually introduced." (Tr. 19).

4

**IV.    Relevant Facts**

Plaintiff's objections focus on three parts of the record: the medical opinions of Dr. Patricia Maffeo (Tr. 201-05); the ALJ's incorporation of Dr. Matteo's opinions into his RFC determination (Tr. 19); and the hypothetical questions asked of the VE at plaintiff's hearing (Tr. 273-78).  A review of the facts and the record pertaining to these areas follows.

Dr. Matteo consultatively examined plaintiff in January 2006 (Tr. 201-05).  She reported that plaintiff appeared anxious and that plaintiff's affect appeared mainly depressed (Tr. 201).  Dr. Maffeo observed that plaintiff's thinking was logical and coherent and that plaintiff had no clinical evidence of delusions or hallucinations (Tr. 201).  Plaintiff reported to Dr. Maffeo that she had trouble controlling her anger, that she got into arguments, and that she had no friends (Tr. 204).  Following the examination, Dr. Maffeo diagnosed plaintiff with major depressive disorder and a borderline personality disorder (Tr. 204).  Dr. Maffeo rated plaintiff's Global Assessment of Functioning ("GAF") at 50 (Tr. 204).[2]  Dr. Maffeo then rated plaintiff's ability to perform work-related activities in four categories, assigning to each a degree of impairment (Tr. 204).  Dr. Maffeo rated plaintiff's ability to understand and remember as moderately impaired; plaintiff's ability to sustain concentration and persistence as moderately to severely impaired; plaintiff's ability to interact with others as moderately to severely impaired; and plaintiff's ability to adapt to change in the workplace as moderately impaired (Tr. 204).

---

[2]A rating of 41-50 is indicative of serious symptoms, while a rating of 51-60 is indicative of moderate symptoms.

5

In February 2006, a state agency psychologist, Dr. Rebecca Joslin, reviewed plaintiff's record and opined that plaintiff had moderate limitations in maintaining social functioning and in maintaining concentration, persistence, and pace (Tr. 193). Dr. Joslin noted mild restrictions in plaintiff's activities of daily living, but saw no episodes of decompensation of an extended duration (Tr. 193). Dr. Joslin rated plaintiff as "moderately limited" in nine of twenty mental activities necessary for work, and not significantly limited in the other eleven areas (Tr. 197-98).

At the hearing before the ALJ, plaintiff testified that her disability began in April 2002, when she became very depressed (Tr. 262-63). Plaintiff also testified that she suffered from depression, panic attacks, back pain, an inability to be around people, and an inability to drive due to nervousness (Tr. 268-71). Plaintiff identified depression, the inability to be around people, and back pain as the main reasons for her inability to work (Tr. 264).

In addition to plaintiff's testimony, the ALJ also heard testimony from Anne Thomas, the VE (Tr. 274). The VE identified two past jobs held by plaintiff: housekeeper for a hotel, which the VE classified as light, unskilled work, and a housekeeping job at a nursing home, which the VE classified as medium, unskilled work (Tr. 274). In his hypothetical question, the ALJ directed the VE to assume an individual with a light RFC and the ability to do nothing more than "occasional climbing, stooping, bending from the waist to the floor, [and] crouching and crawling." (Tr. 275). The ALJ then asked the VE to assume that this individual required work that involved only simple, repetitive, non-detailed tasks (Tr. 275). In addition, this individual would require only casual and infrequent contact with co-workers

6

and the public, direct and non-confrontational supervision, and infrequent workplace changes (Tr. 275). In response, the VE testified that due to the physical limitations, such an individual would not be able to perform plaintiff's past housekeeping jobs, but that appropriate light unskilled level jobs existed for such an individual (Tr. 275-76). September 18, 2009The VE also testified that if this individual needed to perform a job with no public contact, she could still perform all the jobs the VE previously identified (Tr. 276-77).

On cross examination, plaintiff's counsel also asked hypothetical questions of the VE (Tr. 277-78). In his first question, plaintiff's counsel directed the VE to assume the physical limitations given by the ALJ (Tr. 277). Plaintiff's counsel then asked the VE to assume that this individual was moderately impaired in the following mental activity areas: her ability to understand, remember, and carry out detailed instructions; her ability to maintain attention and concentration for extended periods; her ability to complete a normal work day or week without interruptions from psychologically based symptoms; and her ability to perform work at a consistent pace without an unreasonable number and length of rest periods (Tr. 277). Plaintiff's counsel also asked the VE to assume that this individual would have moderate impairments in the following: her ability to get along with others without distracting them or exhibiting behavioral extremes; her ability to respond appropriately to change in the work setting; and her ability to travel in unfamiliar places or use public transportation (Tr. 277). In addition, plaintiff's counsel asked the VE to assume that this individual would have a marked impairment in her ability to interact appropriately with the general public (Tr. 277). Plaintiff's counsel then directed the VE to consider all of the preceding characteristics and

7

to determine whether any of the previous jobs listed by the VE would be available to such an individual (Tr. 278). The VE responded that all of the jobs she previously listed would be appropriate at a moderate level (Tr. 278).

Plaintiff's counsel's second question to the VE presented an individual with the same physical limitations but with severe limitations in concentration, persistence, and in interactions with people (Tr. 278). However, the hypothetical individual's ability to adapt would remain moderate (Tr. 278). The VE responded that the severe limitations would eliminate work (Tr. 278).

## V. Objections

### 1. Objection that the ALJ Ignored Dr. Matteo's Opinion

Plaintiff argues that the ALJ ignored Dr. Matteo's medical opinions and failed to include plaintiff's mental limitations in his RFC determination. In order to have a mental impairment or combination of mental impairments that meets or medically equals one of the listed impairments, a claimant must have a marked restriction in at least two of the following: activities of daily living; maintaining social functioning; maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration (Tr. 19). *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1 (describing and listing mental impairments and their limitations on a claimant's daily activities).

After a complete review of the record, the Court finds that the ALJ did not ignore Dr. Matteo's findings in his consideration of plaintiff's mental impairments (Tr. 19, 201-04). Dr.

8

Matteo noted several of plaintiff's moderate limitations in her daily activities, including plaintiff's difficulty in doing housework and driving (Tr. 203). However, Dr. Matteo also listed daily activities plaintiff was able to do, including vacuuming and laundry (Tr. 203). Consistent with these findings, the ALJ acknowledged that plaintiff had "moderate limitations" in her activities of daily living, limitations which the ALJ discussed in greater detail in his evaluation (Tr. 19, 22-23).

Dr. Matteo also stated that plaintiff did not currently have any friends but that, at one time, she had "friends at school and at work." (Tr. 203). Thus, the ALJ's finding that plaintiff had moderate to marked limitations in her abilities to interact with others and that "she tries to avoid going into stores and being around others" was consistent with Dr. Matteo's opinions (Tr. 19, 203). Also, both Dr. Matteo and Dr. Joslin found that plaintiff was moderately limited in her ability to understand and remember detailed instructions (Tr. 197-98, 204). The ALJ's finding that plaintiff was only able to concentrate on simple, routine instructions and tasks (Tr. 19) was also consistent with these opinions.

Finally, as noted by the ALJ, plaintiff represented to Dr. Matteo that she had never sought any formal psychological treatment (Tr. 23, 203), that she was able to tend to her personal needs, and that she believed she could manage her own finances (Tr. 23). In addition, plaintiff stated that she was able to prepare simple meals, occasionally go to the store (Tr. 269), and preform light housework (Tr. 268-69).

Based on the Court's review, the Court finds that the ALJ, in explaining his reasoning for the RFC determination, went into significant detail regarding plaintiff's testimony and

9

statements about her mental limitations and Dr. Matteo's observations and report (Tr. 22-23, 201-04, 260-72). Moreover, the R&R was correct in noting that Dr. Matteo did not find a "severe" limitation in any one area [Doc. 11, p.7] because Dr. Matteo's specific findings were that plaintiff had "moderate" limitations in two areas and "moderate to severe" limitations in two other areas (Tr. 204). Thus, the Court concludes that the ALJ's evaluation of Dr. Matteo's opinions, other medical source opinions in the record (such as those of Dr. Joslin), the objective medical findings (Tr. 18-19), and plaintiff's statements and testimony (Tr. 201-04, 260-72), provide substantial evidence to support the ALJ's determination of plaintiff's RFC. Accordingly, the Court finds that the ALJ did not ignore the medical opinions of record and thus, the Court will overrule plaintiff's objection.

### 2. Objection that the ALJ's Hypothetical Questions Did Not Properly Incorporate Plaintiff's Mental Limitations

Plaintiff's next argument is that the ALJ did not properly incorporate plaintiff's mental limitations into the hypothetical questions the ALJ asked the VE at plaintiff's hearing. Plaintiff asserts that had plaintiff's mental limitations been properly incorporated, the VE would have found no jobs available to plaintiff.

Plaintiff's argument pertains to the fifth step of the disability evaluation process. *See* 20 C.F.R. § 404.1520(a)(4)(v).[3] Here, the ALJ must determine whether a claimant's impairments prevent her from doing her past relevant work. *Id.*; *see also* 20 C.F.R. §

---

[3]To determine whether a claimant is disabled, a five-step sequential evaluation process is followed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

416.920(g). At this stage, it is the ALJ's burden to produce evidence to support a finding that the claimant is not disabled and that other work exists in significant numbers in the national economy that the claimant can do, given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c). To meet this burden, there must be "a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978). This scope of review requires that there be something more than mere intuition or conjecture by the ALJ. *Id.* Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a "hypothetical" question, but only "if the question accurately portrays [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted).

In reaching his determination of plaintiff's RFC, the ALJ considered the various functions within the broad categories of the mental limitations found in 20 C.F.R. §§ 404.1545(c), 416.945(c).[4] The ALJ also considered the opinions of Dr. Matteo (Tr. 201-04), other medical source opinions (Tr. 197-98), and plaintiff's descriptions and reports of her daily activities and limitations (Tr. 19-23, 201-04, 260-74). The ALJ then translated his

---

[4]These limitations, which may reduce the claimant's ability to do past and present work, include: "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." 20 C.F.R. § 404.1545(c).

11

findings into work-related functions that he incorporated into plaintiff's RFC (Tr. 19-23, 201-04, 273-77). *See* 20 C.F.R. § 416.945(a)(3).

Finally, the ALJ used the RFC to present an accurate portrayal of plaintiff's physical and mental impairments and limitations to the VE (Tr. 275-76). Specifically, the ALJ incorporated Dr. Matteo's finding that plaintiff was moderately impaired in her ability to understand and remember and moderately impaired in adapting to changes and requirements into the work-related function of limiting plaintiff's tasks to "simple, non-detailed tasks." (Tr. 275). The ALJ also incorporated Dr. Matteo's finding that plaintiff had a moderate to severe impairment in her ability to sustain concentration and persistence into the work-related function that plaintiff could only perform a job where workplace changes occurred infrequently and that, when such changes occurred, they needed to be "gradually introduced." (Tr. 275). Finally, the ALJ incorporated Dr. Matteo's finding that plaintiff had a moderate to severe impairment in her interactions with others into the work-related functions that plaintiff could only tolerate "casual and infrequent contact" with co-workers and supervisors and that any supervision be "direct and non-confrontational." (Tr. 275). The VE responded that, given the limitations, "there would be jobs at a light, unskilled level that would be appropriate." (Tr. 275). The ALJ then asked the VE what jobs would be available if plaintiff were required to have a job in which she was precluded from contact with the public (Tr. 276-77). The VE testified that such a severe impairment would not alter her determination of the jobs available to plaintiff (Tr. 277).

12

Plaintiff's counsel, in his hypothetical questions to the VE, did not translate Dr. Maffeo's opinions regarding plaintiff's mental limitations into work-related functions and activities but instead recited Dr. Matteo's findings verbatim (Tr. 277-78). Also, plaintiff's counsel's final hypothetical question directed the VE to assume only "severe" limitations in plaintiffs concentration, persistence, and interaction with people, not the "moderate to severe" limitation that Dr. Maffeo expressed in her opinion (Tr. 277-78).

A verbatim recitation of medical opinions is not required to meet the substantial evidence burden. That burden is met by an accurate portrayal of a claimant's individual and physical impairments. *See Varley*, 820 F.2d at 779. In this case, given the medical evidence of record and the ALJ's incorporation of the medical evidence into his RFC, the Court finds that the ALJ's portrayal of plaintiff's physical and mental impairments to the VE was accurate and that the ALJ's determination was supported by the substantial weight of the evidence. *See O'Banner*; 587 F.2d at 323; *Varley,* 820 F.2d at 779. Accordingly, plaintiff's objection will be overruled.

### 3. Objection that the Combined Effect of Plaintiff's Severe Impairments Made it "Clear" that Plaintiff was Unable to Work

Plaintiff's final objection is a brief argument with the ALJ's finding that plaintiff is able to perform work despite her physical and mental impairments and limitations. When determining whether a claimant is unable to work, the Commissioner must consider the combined effects of a claimant's impairments, without regard to whether any one

13

impairment, if considered separately, would be of sufficient severity to render the claimant disabled. 20 C.F.R. § 404.1523.

In this case, the ALJ found that plaintiff had a "severe" combination of both physical and mental impairments (Tr. 18). The ALJ determined that this combination of impairments restricted plaintiff to a reduced range of light work (Tr. 18). The ALJ asserted that his RFC determination was reasonable based on his evaluation of the objective medical findings of the consultative physicians and state agency consultants, the medical evidence of record, and plaintiff's statements of her symptoms and daily activities (Tr. 19). In his determination, the ALJ outlined a detailed analysis of this evidence, including: plaintiff's statements of her symptoms and her daily activities (Tr. 21-23); the medical evidence (Tr. 21-22); and the observations and opinions of Dr. Matteo (which were largely consistent with those of Dr. Joslin) (Tr. 22). The ALJ then presented his RFC determination to the VE who testified that, given these limitations, there was work available to plaintiff.

The Court, in reviewing the ALJ's findings, finds that substantial evidence of record supported the ALJ's determination and the finding in the R&R. Accordingly, plaintiff's final objection is overruled.

**VI.  Conclusion**

Finding no error in the R&R, the Court will overrule Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Doc. 12]; accept in whole the R&R [Doc. 11]; deny Plaintiff's Motion for Summary Judgment [Doc. 7]; grant Defendant Commissioner's Motion for Summary Judgment [Doc. 9]; affirm the Commissioner's

decision in this case denying plaintiff's application for disability insurance benefits and supplemental social security income payments; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE